IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-00059-FL

| | |
|---|---|
| NAPIER SANDFORD FULLER, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| REBECCA W. HOLT, in her official capacity as employee of the North Carolina Office of the Courts, RICHARD A. BADDOUR, in his official capacity as employee of the North Carolina Administrative Office of the Courts, JAMES C. STANDFORD, in his official capacity as employee of the North Carolina Administrative Office of the Courts, JAMES T. BRYAN, III, in his official capacity as employee of the North Carolina Administrative Office of the Courts, SAMANTHA HYATT CABE, in her official capacity as employee of the North Carolina Administrative Office of the Courts, and CATHERINE C. STEVENS, in her official capacity as employee of the North Carolina Administrative Office of the Courts, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    ORDER |
| Defendants. | )<br>) |

This matter is before the court on plaintiff's motion for preliminary injunction, (DE 37), in which plaintiff seeks from the court entry of text order recommending continuation of his pending criminal prosecution in Orange County Superior Court, <u>State v. Fuller</u>, 2017 CRS 050340, set to commence August 6, 2018.

To obtain preliminary injunction, plaintiff must demonstrate "he is likely to succeed on the

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20 (2008).

In this case, plaintiff has not made the requisite showing of a likelihood of success on the merits, given jurisdictional bars to injunctive relief under Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine requires federal courts to abstain from interfering with pending state criminal proceedings. Id. Younger abstention is appropriate where there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003). "[A] federal court may disregard Younger's mandate only where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Id.

Here, plaintiff's request for relief falls within Younger. First, there is a pending state criminal proceeding. See State v. Fuller, 2017 CRS 050340. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Finally, plaintiff's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc) (quotation omitted). Furthermore, to the extent plaintiff's motion seeks advisory order from the court, the court lacks the power to grant such relief.

2

See Preiser v. Newkirk, 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of the litigants in the case before them."). Accordingly, the court must deny plaintiff's motion for preliminary injunction.

Also pending before the court are defendants' motion for leave to file supplemental memorandum in support of their motion to dismiss (DE 28), plaintiff's motion for extension of time and leave to file amended complaint (DE 31), and plaintiff's "Request for Fundamental Principles to Apply." (DE 34).

For good cause shown, the court allows defendants' motion. Next, to the extent plaintiff seeks extension of time to file response to defendants' motion to dismiss, for good cause shown, the court allows plaintiff's motion and accepts plaintiff's late response filed on July 23, 2018. With respect to that portion of plaintiff's motion seeking leave to file amended complaint, where plaintiff filed motion within with time allowed by the federal rules, the court also grants that request. See Fed. R. Civil P. 15(a) (1)(B) (allowing party to amend pleading once as a matter of course within 21 days after service of responsive pleading, if the pleading is one to which a responsive pleading is required).

Lastly, plaintiff requests entry of text order "urging restraint upon the volume of legal submissions," and requiring that the court only consider those "exhibits that directly relate to the legal issue before the court." (DE 34, ¶ 11). To the extent plaintiff seeks entry of a text order urging the court to apply "fundamental legal principles," the court denies plaintiff's motion. The court construes plaintiff's motion more reasonably as a supplemental response in opposition to defendants' motion to dismiss and will consider it as such in resolving that motion.

Based on the foregoing, the court DENIES plaintiff's motion for preliminary injunction. (DE

3

37). In addition, the court ALLOWS defendants' motion for leave to file supplemental memorandum in support of their motion to dismiss. (DE 28). Defendants are DIRECTED to file supplement to their motion to dismiss within 7 days entry of this order. Plaintiff shall have 14 days thereafter to file any response thereto.

The court also ALLOWS plaintiff's motion for extension of time and leave to file amended complaint. (DE 31). Plaintiff is DIRECTED to file any amended complaint within 21 days entry of this order. Lastly, the court DENIES plaintiff's request at DE 34.

SO ORDERED, this the 3rd day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge