IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-59-FL

| | |
|---|---|
| NAPIER SANDFORD FULLER,<br><br>        Plaintiff,<br><br>v.<br><br>REBECCA W. HOLT, in her official capacity as employee of the North Carolina Office of the Courts, RICHARD A. BADDOUR, in his official capacity as employee of the North Carolina Administrative Office of the Courts, JAMES C. STANFORD, in his official capacity as employee of the North Carolina Administrative Office of the Courts, JAMES T. BRYAN, III, in his official capacity as employee of the North Carolina Administrative Office of the Courts, SAMANTHA HYATT CABE, in her official capacity as employee of the North Carolina Administrative Office of the Courts, and CATHERINE C. STEVENS, in her official capacity as employee of the North Carolina Administrative Office of the Courts,<br><br>        Defendants. | ORDER |

This matter comes before the court on plaintiff's motions for relief from judgment under Federal Rule of Civil Procedure 60(b) and motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). (DE 72, 76, 80). Also before the court is plaintiff's motion for sanctions and motion for expedited hearing on motion to void judgment and strike pleadings. (DE 74). Finally, plaintiff seeks an extension of time to file a notice of appeal. (DE 79). For the reasons that

follow, plaintiff's motions are denied.

**COURT'S DISCUSSION**

A.  Plaintiff's Motions For Relief From Judgment and Voluntary Dismissal

Plaintiff's motions for relief from judgment and for voluntary dismissal sound as motions to reconsider its prior order and judgment dismissing the case. Plaintiff raises several arguments why the court should reconsider its order. However, none of his arguments provide a basis for vacating the court's prior order and judgment.

Plaintiff first seeks reconsideration on the ground that the court's order dated November 21, 2018, and judgment do not bear the correct case caption. Specifically, the caption in the order numbers the case as a western division case, even though the case is properly named as a southern division case. Plaintiff does not point to any law which suggests that a clerical error voids a judgment. In any event, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). On its own initiative, the court hereby amends its order dated November 21, 2018, to the caption contained in this order. The court also directs the clerk to enter an amended judgment conforming to the same. Consequently, plaintiff's argument regarding the clerical error contained in the court's order and judgment is moot.

Plaintiff next argues that defendants misrepresented that they were filing a motion to dismiss on November 20, 2018, when they were seeking a protective order. Plaintiff's second argument fails to provide a basis for relief from judgment because defendants filed their motion to dismiss on June 25, 2018 (DE 11). Plaintiff was aware of this motion, as his response in opposition to the motion was filed July 23, 2018 (DE 35, 36). Therefore, the motion was ripe for ruling at the time the court

issued its order.

Plaintiff's third argument, that the court should reconsider because the case presents landmark legal issues, appears to simply express disagreement with the outcome in this case. For the reasons stated in its order granting defendant's motion to dismiss, the court denies plaintiff's motions for reconsideration.

B.      Plaintiff's Motion for Sanctions

Plaintiff has moved for sanctions under Fed. R. Civ. P. 11. Plaintiff generally asserts counsel seeks to gain tactical advantage over him in litigation, (DE 18 ¶ 18), however this assertion is too general to state a basis for his motion. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Moreover, plaintiff states that he withdraws his motion for sanctions (See (DE 80) ¶ 40). To the extent any part of plaintiff's motion remains, the court denies plaintiff's motion.

C.      Plaintiff's Motion for Extension of Time to File an Appeal

Plaintiff seeks an extension of time to file a notice of appeal, arguing that he is "confused in terms of deadlines," and "needs more time to review the case law." Where a motion for relief from judgment is timely filed under Federal Rule of Civil Procedure 60, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." See Fed. R. App. P. 4(a)(4). "The district court may extend the time to file a notice of appeal if: the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

The court disposes of plaintiff's rule 60 motions in this order, therefore the time to file a notice of appeal runs from the date of this order. See Fed. R. App. P. 4(a)(4). Plaintiff has shown

he is capable of responding to deadlines throughout this litigation, and the requirements for filing a notice of appeal are minimal. See Fed. R. App. P. 3(c). Therefore, plaintiff has not shown excusable neglect or good cause to extend the deadline for a notice of appeal. Plaintiff's motion for extension of time to file a notice appeal is denied.

## CONCLUSION

The court hereby AMENDS its order dated November 21, 2018. The caption contained in this order is the correct caption for this case, and now serves as the caption for the court's prior order dated November 21, 2018. All other aspects of the court's order dated November 21, 2018, remain the same. The clerk is DIRECTED to file an amended judgment conforming with this amending order.

Plaintiff's motions for relief from judgment and voluntary dismissal (DE 72, 76, 80) are DENIED. Plaintiff's motion for sanctions and request fo expedited hearing (DE 74) is DENIED. Plaintiff's motion for extension of time to file a notice of appeal (DE 79) is DENIED.

SO ORDERED, this the 2nd day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge