IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-59-FL

| | | |
|---|---|---|
| NAPIER SANDFORD FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REBECCA W. HOLT, in her official capacity as employee of the North Carolina Office of the Courts, RICHARD A. BADDOUR, in his official capacity as employee of the North Carolina Administrative Office of the Courts, JAMES C. STANFORD, in his official capacity as employee of the North Carolina Administrative Office of the Courts, JAMES T. BRYAN, III, in his official capacity as employee of the North Carolina Administrative Office of the Courts, SAMANTHA HYATT CABE, in her official capacity as employee of the North Carolina Administrative Office of the Courts, and CATHERINE C. STEVENS, in her official capacity as employee of the North Carolina Administrative Office of the Courts, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on pro se plaintiff's motions for permission to add electronic case filing privileges for a self-represented party (DE 89), and to request disability accommodations to better access the court process (DE 90). In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for permission to electronically file is denied, and plaintiff's motion to request disability accommodations is granted.

## COURT'S DISCUSSION

    A.      Motion to Allow Electronic Filing (DE 89)

Plaintiff first requests the court enable him to file documents electronically through his PACER account, relying on an order from the United States Court of Appeals for the Fourth Circuit granting him electronic access for his appeal. Under the Fourth Circuit's local rules of appellate procedure, "a person not represented by an attorney: may file electronically only if allowed by court order or by a local rule." Local Appellate Rule 25(a)(2)(B)(ii). Pursuant to its Local Rules, the Fourth Circuit granted plaintiff leave to file electronically. (Order (DE 89-1) at 1).[1]

The Local Civil Rules of this court differ from the Local Appellate Rules of the Fourth Circuit. In this district, "[a] pro se party . . . may not file electronically." Local Civil Rule 5.1(b)(2); see also Local Civil Rule 5.1(b)(1) ("Only an attorney who is registered in CM/ECF may file documents electronically."). Plaintiff is proceeding pro se.

Plaintiff asks that the court allow him to file electronically 1) as a reasonable accommodation regarding petitioner's mental impairment, 2) as a means to keep up with the court deadlines while abroad, and 3) as a means of due process to access the entire dispute easily. (Mot. (DE 89) at 2). None of petitioner's justifications for allowing electronic filing privileges warrant abrogation of the Local Civil Rules in this case. Plaintiff does not explain how electronically filing documents is necessary to reasonably accommodate his mental impairments, especially in light of his demonstrated ability to manually file a variety of pleadings, motions, and supporting documents throughout the course of this action. (See DE 1-3, 5, 13, 31-32, 34-37, 39, 44, 49, 56, 68-69, 72, 74,

---

[1] The court refers to the Fourth Circuit's order by the district court's CM/ECF entry. Plaintiff uploaded a copy of the order in support of his motion.

76, 78-80, 83-84, 87, 89-90). Electronic filing is not necessary to keep up with court deadlines while abroad, because plaintiff may still sign up as a "receiving user" in CM/ECF, thereby providing him with updates regarding district court filings. See Local Civil Rule 5.1(b)(2). Finally, plaintiff has not been denied due process by being required to file his documents manually as opposed to electronically. Therefore, the court denies plaintiff's request abrogate the Local Rules and allow him to file electronically.

    B.    Motion to Request Disability Accommodations (DE 90)

Upon consideration of the motion for disability accommodations to better access the court process, the court grants the motion.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for permission to add electronic case filing privileges (DE 89) is DENIED. Plaintiff's motion to request disability accommodations (DE 90) is GRANTED. The clerk is DIRECTED to notify the United States Court of Appeals for the Fourth Circuit of this order.

SO ORDERED, this the 10th day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge